THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JESSE WILLIAMS, Defendant-Appellant.

Third District   No. 76-184

Opinion filed February 17, 1977.

Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (Ruth Anne Perley, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from armed robbery convictions of Jesse Williams (hereinafter referred to as the defendant) after trial by jury in the Circuit Court of Will County. The defendant was sentenced to serve not less than four years nor more than 10 years in the penitentiary.

The defendant raises a number of issues for review and we first direct our attention as to whether the trial court erred by refusing to sustain defendant's objection to the prosecutor's questioning of the defendant which pertained to his exercising his Fifth Amendment right to remain silent at the time of his arrest.

This issue is predicated upon the following factual situation. At the time of his arrest the defendant was given the *Miranda* warnings (*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602) and elected to remain silent and consequently refused to make a statement. During the course of his trial the defendant presented an alibi defense to the

effect that he was in East St. Louis at the time the robberies with which he was charged were committed. During cross-examination of the defendant the following colloquy took place:

"Prosecutor: You said you were arrested on March 6?

Defendant: Yes, I was.

Prosecutor: And, you were also arrested on March 12?

Defendant: Yes, I was.

Prosecutor: On either of those days did you say anything to the police at all about your being at a party on February 14?

Counsel for Defendant: Objection to that, judge, I would like a hearing on that.

[A discussion was held off the record between court and counsel out of the hearing of the jury and the court reporter.]

The Court: Objection will be overruled, he may answer.

Defendant: Not as I can remember."

The colloquy clearly establishes the prosecutor's intent to imply that the defendant's failure to immediately tell the police (even though he had been advised of his right to remain silent) of the fact that he had been in East St. Louis was indication or probative of his guilt.

■■■ We are of the opinion that error was committed and the defendant was denied a fair trial. When a person under arrest is informed as *Miranda* requires, one requirement being that he is entitled to remain silent and that anything he says may be used against him, then it does not comport with due process to permit the prosecution during that person's trial to call attention to his silence at the time of arrest and to insist that because he did not speak about the facts of the case at that time, as he was told he need not do, an unfavorable inference might be drawn as to the truth of his trial testimony. (See *United States v. Hale* (1975), 422 U. S. 171, 45 L. Ed. 2d 99, 95 S. Ct. 2133.) In the case of *Doyle v. Ohio* (1976), 426 U. S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240, the question was presented as to whether a State prosecutor may seek to impeach a defendant's exculpatory story, told for the first time at trial by cross-examining the defendant about failure to have told the story after receiving *Miranda* warnings at the time of his arrest. Our United States Supreme Court concluded that use of the defendant's post-arrest silence in this manner violates due process and therefore a reversal of conviction is necessary.

This court in *People v. Buckley* (1976), 41 Ill. App. 3d 989, 355 N.E.2d 207, recognized the rule promulgated in the case of *Doyle*, however, held the error to be harmless in the light of the strong and convincing evidence of the defendant's guilt. In the instant case the evidence of the defendant's guilt is not as strong and convincing so that it can be equated to the evidence adduced in *Buckley*; however, this distinction is of no import in light of the recent decision in the case of *United States v. Harp* (5th Cir.

1976), 536 F.2d 601. In *Harp* it was the ruling of the court that the harmless error rule cannot be applied to a *Doyle* violation.

Having determined that reversible error was committed in the trial court and that a remand of this case is required, it is not necessary nor will any purpose be served by considering the other issues raised by the defendant.

The judgments of guilty entered against the defendant are hereby reversed, the sentence imposed upon him is set aside and this case is remanded to the Circuit Court of Will County for a new trial.

Reversed and remanded.

STENGEL, P. J., and BARRY, J., concur.